IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ALABAMA

MIDDLE DIVISION

FILED
JUL 2 8 2011
UNITED STATES DISTRICT COURT
1729 5TH AVENUE NORTH
BIRMINGHAM, AL 35203

open court

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO. 4:11-cr-216-IPJ-PWG |
| ) | |
| DANNY MILES ISBELL ) | |

## PLEA AGREEMENT

The Government and Defendant DANNY MILES ISBELL hereby acknowledge the following plea agreement in this case:

### PLEA

The Defendant agrees to (i) plead guilty to **COUNTS NINETY-NINE** through **ONE HUNDRED SIX, ONE HUNDRED NINE, ONE HUNDRED ELEVEN, ONE HUNDRED THIRTEEN** through **ONE HUNDRED FIFTEEN, ONE HUNDRED SEVENTEEN** through **ONE HUNDRED TWENTY-ONE, ONE HUNDRED TWENTY-THREE** through **ONE HUNDRED THIRTY-TWO, ONE HUNDRED THIRTY-FOUR, ONE HUNDRED THIRTY-FIVE, ONE HUNDRED THRITY-SEVEN** through **ONE HUNDRED THIRTY-NINE, ONE HUNDRED FORTY-ONE, ONE HUNDRED FORTY-THREE, ONE HUNDRED**

15

**FORTY-FIVE, ONE HUNDRED FORTY-SEVEN, ONE HUNDRED FORTY-EIGHT, ONE HUNDRED FIFTY-ONE** and **ONE HUNDRED FIFTY-TWO** of the Indictment filed in the above numbered and captioned matter and (ii) consent to an order of forfeiture in the amount of $392,000.00, comprising of $153,436.67 seized on or about March 29, 2011, and an additional $238,563.33 due on or before the date of sentencing. In exchange, the United States Attorney, acting on behalf of the Government and through the undersigned Assistant United States Attorney, agrees to dismiss without prejudice Defendant LEILA ULMER ISBELL at the time this executed Plea Agreement is filed; dismiss all remaining **COUNTS** at the time of sentencing and to recommend the disposition specified below, subject to the conditions in paragraphs **VII** and **VIII**.

<u>**TERMS OF THE AGREEMENT**</u>

**I. <u>MAXIMUM PUNISHMENT</u>**

The Defendant understands that the maximum statutory punishment that may be imposed for the crime of structuring financial transactions, in violation of Title 31, United States Code, Section 5324(a)(3) and (d)(2), as charged in COUNTS NINETY-NINE through ONE HUNDRED SIX, ONE HUNDRED NINE, ONE HUNDRED ELEVEN, ONE HUNDRED THIRTEEN through ONE HUNDRED FIFTEEN, ONE HUNDRED SEVENTEEN through ONE HUNDRED TWENTY-ONE, ONE

HUNDRED TWENTY-THREE through ONE HUNDRED THIRTY-TWO, ONE HUNDRED THIRTY-FOUR, ONE HUNDRED THIRTY-FIVE, ONE HUNDRED THRITY-SEVEN through ONE HUNDRED THIRTY-NINE, ONE HUNDRED FORTY-ONE, ONE HUNDRED FORTY-THREE, ONE HUNDRED FORTY-FIVE, ONE HUNDRED FORTY-SEVEN, ONE HUNDRED FORTY-EIGHT, ONE HUNDRED FIFTY-ONE and ONE HUNDRED FIFTY-TWO , is:

    a.    Imprisonment for not more than 5 years;

    b.    A fine of not more than $250,000.00 , or,

    c.    Both (a and b);

    d.    Supervised release of at least 2 years but not more than 3 years; and

    e.    Special Assessment Fee of $100 per count.

If the Court finds that the Defendant is found to have committed the offense as part of a pattern of illegal activity involving more than $100,000.00 in a twelve month period, then the maximum statutory punishment that may be imposed for the crime of Structuring Transactions to Avoid Reporting Requirements, in violation of Title 31, United States Code, Section 5324(a)(3) and (d)(2), as charged in COUNTS NINETY-NINE through ONE HUNDRED SIX, ONE HUNDRED NINE, ONE HUNDRED ELEVEN, ONE HUNDRED THIRTEEN through ONE HUNDRED FIFTEEN, ONE

HUNDRED SEVENTEEN through ONE HUNDRED TWENTY-ONE, ONE HUNDRED TWENTY-THREE through ONE HUNDRED THIRTY-TWO, ONE HUNDRED THIRTY-FOUR, ONE HUNDRED THIRTY-FIVE, ONE HUNDRED THRITY-SEVEN through ONE HUNDRED THIRTY-NINE, ONE HUNDRED FORTY-ONE, ONE HUNDRED FORTY-THREE, ONE HUNDRED FORTY-FIVE, ONE HUNDRED FORTY-SEVEN, ONE HUNDRED FORTY-EIGHT, ONE HUNDRED FIFTY-ONE and ONE HUNDRED FIFTY-TWO is:

    a.    Imprisonment for not more than 10 years;

    b.    A fine of not more than $500,000, or,

    c.    Both (a and b);

    d.    Supervised release of not 3 years; and

    e.    Special Assessment Fee of $100 per count.

## II. <u>FACTUAL BASIS FOR PLEA</u>

The Government is prepared to prove, at a minimum, the following facts at the trial of this case:

DANNY MILES ISBELL and his wife opened checking account number XXXX2815, held in the name of LDI Transport, Inc., at Metro Bank on or about January 16, 2006. During the course of 2008, DANNY MILES ISBELL made numerous $9,800.00 cash withdrawals from account number XXXX2815 including

the following transactions:

| Date | Check Number | Check Amount | Payee | Signature |
|---|---|---|---|---|
| July 29, 2008 | 3366 | $9,800.00 | Cash | Danny Isbell |
| July 30, 2008 | 3367 | $9,800.00 | Cash | Danny Isbell |
| July 31, 2008 | 3368 | $9,800.00 | Cash | Danny Isbell |
| August 1, 2008 | 3377 | $9,800.00 | Cash | Danny Isbell |
| August 5, 2008 | 3380 | $9,800.00 | Cash | Danny Isbell |
| August 6, 2008 | 3381 | $9,800.00 | Cash | Danny Isbell |
| August 11, 2008 | 3383 | $9,800.00 | Cash | Danny Isbell |
| August 7, 2008 | 3384 | $9,800.00 | Cash | Danny Isbell |
| August 18, 2008 | 3408 | $9,800.00 | Cash | Danny Isbell |
| August 20, 2008 | 3413 | $9,800.00 | Cash | Danny Isbell |
| August 25, 2008 | 3425 | $9,800.00 | Cash | Danny Isbell |
| August 27, 2008 | 3426 | $9,800.00 | Cash | Danny Isbell |
| August 28, 2008 | 3427 | $9,800.00 | Cash | Danny Isbell |
| August 29, 2008 | 3444 | $9,800.00 | Cash | Danny Isbell |
| September 2, 2008 | 3447 | $9,800.00 | Cash | Danny Isbell |
| September 9, 2008 | 3448 | $9,800.00 | Cash | Danny Isbell |
| September 3, 2008 | 3449 | $9,800.00 | Cash | Danny Isbell |
| September 5, 2008 | 3450 | $9,800.00 | Cash | Danny Isbell |
| September 10, 2008 | 3459 | $9,800.00 | Cash | Danny Isbell |
| September 12, 2008 | 3460 | $9,800.00 | Cash | Danny Isbell |
| September 16, 2008 | 3476 | $9,800.00 | Cash | Danny Isbell |
| September 17, 2008 | 3477 | $9,800.00 | Cash | Danny Isbell |
| September 19, 2008 | 3486 | $9,800.00 | Cash | Danny Isbell |
| September 22, 2008 | 3489 | $9,800.00 | Cash | Danny Isbell |
| September 23, 2008 | 3499 | $9,800.00 | Cash | Danny Isbell |
| September 24, 2008 | 3500 | $9,800.00 | Cash | Danny Isbell |
| September 26, 2008 | 3510 | $9,800.00 | Cash | Danny Isbell |
| September 29, 2008 | 3511 | $9,800.00 | Cash | Danny Isbell |
| October 1, 2008 | 3514 | $9,800.00 | Cash | Danny Isbell |
| October 2, 2008 | 3517 | $9,800.00 | Cash | Danny Isbell |
| October 7, 2008 | 3545 | $9,800.00 | Cash | Danny Isbell |
| October 8, 2008 | 3546 | $9,800.00 | Cash | Danny Isbell |
| October 9, 2008 | 3547 | $9,800.00 | Cash | Danny Isbell |
| October 16, 2008 | 3556 | $9,800.00 | Cash | Danny Isbell |
| October 17, 2008 | 3563 | $9,800.00 | Cash | Danny Isbell |
| October 23, 2008 | 3573 | $9,800.00 | Cash | Danny Isbell |
| October 27, 2008 | 3575 | $9,800.00 | Cash | Danny Isbell |

| | | | | |
|---|---|---|---|---|
| October 24, 2008 | 3579 | $9,800.00 | Cash | Danny Isbell |
| October 31, 2008 | 3612 | $9,800.00 | Cash | Danny Isbell |
| November 4, 2008 | 3618 | $9,800.00 | Cash | Danny Isbell |
| Total | | $392,000.00 | | |

DANNY MILES ISBELL had knowledge of the Currency Transaction Report thresholds, and structured the aforementioned currency transactions in an attempt to evade the reporting requirements.

**The Defendant hereby stipulates that the facts stated above are substantially correct and that the Court can use these facts in calculating the defendant's sentence. The Defendant further acknowledges that these facts do not constitute all of the evidence of each and every act that the Defendant and/or any co-conspirators may have committed.**



_____
DANNY MILES ISBELL

## III. RECOMMENDED SENTENCE

Subject to the limitations in paragraph **VIII** regarding subsequent conduct and pursuant to Rule 11(c)(1)(B), Fed.R.Crim.P., the government will recommend the following disposition:

    (a)    That the Defendant be awarded an appropriate reduction in offense level for acceptance of responsibility;

    (b)    That the Defendant be remanded to the custody of the Bureau of

    Prisons and incarcerated for a term consistent with the low end of the advisory United States Sentencing Guideline range as that is determined by the court on the date that the sentence is pronounced. With a Criminal History Category 1, the parties agree that the loss amount is $392,000.00, as stated in the factual basis, and the appropriate Guidelines range is 24-30 months;

(c) That following the said term of imprisonment, the Defendant be placed on supervised release for a period to be determined by the court, subject to the standard conditions of supervised release as set forth in U.S.S.G § 5D1.3;

(d) That the Defendant be required to pay a fine in accordance with the sentencing guidelines, said amount due and owing as of the date sentence is pronounced, with any outstanding balance to be paid in full by the expiration of the term of supervised release; and

(f) That the Defendant pay a special assessment fee of $4,000.00, said amount due and owing as of the date sentence is pronounced.

## IV. <u>WAIVER OF RIGHT TO APPEAL AND POST-CONVICTION RELIEF</u>

**In consideration of the recommended disposition of this case, I, DANNY MILES ISBELL, hereby waive and give up my right to appeal my conviction**

and/or sentence in this case, as well as any fines, restitution, and forfeiture orders, the court might impose. Further, I waive and give up the right to challenge my conviction and/or sentence, any fines, restitution, forfeiture orders imposed or the manner in which my conviction and/or sentence, any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255.

The Defendant reserves the right to contest in an appeal or post-conviction proceeding either or both of the following:

    (a)    Any sentence imposed in excess of the applicable statutory maximum sentence(s); and

    (b)    Any sentence imposed in excess of the guideline sentencing range determined by the court at the time sentence is imposed.

The Defendant acknowledges that before giving up these rights, the Defendant discussed the Federal Sentencing Guidelines and their application to the defendant's case with the defendant's attorney, who explained them to the defendant's satisfaction. The Defendant further acknowledges and understands that the government retains its right to appeal where authorized by statute.

I, DANNY MILES ISBELL, hereby place my signature on the line directly

below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.

*Danny Isbell*
DANNY MILES ISBELL

## V. UNITED STATES SENTENCING GUIDELINES

Defendant's counsel has explained to the Defendant, that in light of the United States Supreme Court's decision in United States v. Booker, the federal sentencing guidelines are **advisory** in nature. Sentencing is in the court's discretion and is no longer required to be within the guideline range. The Defendant agrees that, pursuant to this agreement, the court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range, and Defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VI. AGREEMENT NOT BINDING ON COURT

The Defendant fully and completely understands and agrees that it is the Court's duty to impose sentence upon the Defendant and that any sentence recommended by the government is **NOT BINDING UPON THE COURT**, and that the Court is not required to accept the government's recommendation. Further, the Defendant understands that if the Court does not accept the government's recommendation, the

Defendant does not have the right to withdraw the guilty plea.

## VII. VOIDING OF AGREEMENT

The Defendant understands that should the Defendant move the Court to accept the defendant's plea of guilty in accordance with, or pursuant to, the provisions of North Carolina v. Alford, 400 U.S. 25 (1970), or tender a plea of *nolo contendere* to the charges, this agreement will become NULL and VOID. In that event, the Government will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained herein.

## VIII. SUBSEQUENT CONDUCT

**The Defendant understands that should the Defendant violate any condition of pretrial release or violate any federal, state, or local law, or should the Defendant say or do something that is inconsistent with acceptance of responsibility, the United States will no longer be bound by its obligation to make the recommendations set forth in paragraph III of the Agreement, but instead, may make any recommendation deemed appropriate by the United States Attorney in her sole discretion.**

## IX. OTHER DISTRICTS AND JURISDICTIONS

The Defendant understands and agrees that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local

authority.

## X. COLLECTION OF FINANCIAL OBLIGATION

In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the Defendant agrees to fully disclose all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. The Defendant also will promptly submit a completed financial statement to the United States Attorney's Office, in a form that it provides and as it directs. The Defendant also agrees that the defendant's financial statement and disclosures will be complete, accurate, and truthful. Finally, the Defendant expressly authorizes the United States Attorney's Office to obtain a credit report on the Defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

## XI. AGREEMENT REGARDING RELEVANT CONDUCT AND RESTITUTION

As part of the defendant's plea agreement, the Defendant admits to the above facts associated with the charges and relevant conduct for any other acts. The Defendant understands and agrees that the relevant conduct, the loss amount of $392,000.00, contained in the factual basis will be used by the Court to determine the defendant's range of punishment under the advisory sentencing guidelines. The

Defendant admits that all of the crimes listed in the factual basis are part of the same acts, scheme, and course of conduct. This agreement is not meant, however, to prohibit the United States Probation Office or the Court from considering any other acts and factors which may constitute or relate to relevant conduct. Additionally, if this agreement contains any provisions providing for the dismissal of any counts, the Defendant agrees to pay any appropriate restitution to each of the separate and proximate victims related to those counts should there be any.

## XII. TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS

Unless otherwise specified herein, the Defendant understands and acknowledges that this agreement does not apply to or in any way limit any pending or prospective proceedings related to defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative** proceedings.

The Defendant consents to the entry of a final forfeiture judgment against him in the amount of $392,000.00, pursuant to Fed. R. Crim. P. 32.2(b)(1), based upon his plea of guilty to the offenses alleged in COUNTS NINETY-NINE through ONE HUNDRED SIX, ONE HUNDRED NINE, ONE HUNDRED ELEVEN, ONE HUNDRED THIRTEEN through ONE HUNDRED FIFTEEN, ONE HUNDRED SEVENTEEN through ONE HUNDRED TWENTY-ONE, ONE HUNDRED TWENTY-THREE through ONE HUNDRED THIRTY-TWO, ONE HUNDRED

THIRTY-FOUR, ONE HUNDRED THIRTY-FIVE, ONE HUNDRED THRITY-SEVEN through ONE HUNDRED THIRTY-NINE, ONE HUNDRED FORTY-ONE, ONE HUNDRED FORTY-THREE, ONE HUNDRED FORTY-FIVE, ONE HUNDRED FORTY-SEVEN, ONE HUNDRED FORTY-EIGHT, ONE HUNDRED FIFTY-ONE and ONE HUNDRED FIFTY-TWO of the Indictment and reflected by this Plea Agreement. In furtherance of satisfaction of the $392,000.00 forfeiture judgment, the Defendant agrees to waive any claim he might have to the $153,436.67 previously seized in this matter by the United States Secret Service and consents to the forfeiture of said amount to the United States pursuant to 31 U.S.C. 5317(c)(1)(A) and pursuant to 31 U.S.C. §(c)(2) as alleged in a separate civil forfeiture action styled *United States of America v. $153,436.67 in United States Currency*, 1:11-cv-1279-RBP. Defendant acknowledges that a nexus exists between said $153,436.67 and the present criminal offense to which the Defendant is pleading guilty.

Further Defendant agrees to surrender an additional $238,563.33 to the United States Attorney's Office for the Northern District of Alabama on or before the date of the defendant's sentencing via a certified check made payable to the United States Department of Treasury. For purposes of entering said order of forfeiture, the Defendant acknowledges that a nexus exists between said amount and the criminal offense to which the Defendant is pleading guilty. The Defendant further

acknowledges that the government is authorized under law to seek the forfeiture of any and all assets of the Defendant as substitute assets for the purpose of satisfying the forfeiture judgment until same is satisfied in full.

The Defendant agrees to waive any Double Jeopardy challenges that he may have to the entry of a Forfeiture Order before sentencing. The Defendant agrees to waive any claims, defenses or challenges arising under the Excessive Fines Clause of the Eighth Amendment resulting from the forfeiture imposed as a result of this indictment and/or any pending or completed administrative or civil forfeiture actions based upon the course of conduct that provides the factual basis for the forfeiture.

The Defendant hereby waives the requirements of Fed. R. Crim. P. 43(a) with respect to the imposition of any forfeiture sanction carried out in accordance with this Plea Agreement, and further agrees to not contest or challenge in any manner (including direct appeal, habeas corpus, or any other means) such forfeitures on any grounds, including that the forfeiture constitutes double jeopardy, or an excessive fine or punishment.

Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Removal and other immigration consequences are the

subject of a separate proceeding, however, and Defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

## XIII. **DEFENDANT'S UNDERSTANDING**

I have read and understand the provisions of this agreement consisting of 17 pages. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence in my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO OTHER PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

Page 15 of 17

Defendant's Initials _DI_

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated here:

I understand that this Plea Agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this Agreement and have signed the signature line below to indicate that I have read, understand, and approve all of the provisions of this Agreement, both individually and as a total binding agreement.

6/20/11
DATE

Dan Isbell
DANNY MILES ISBELL
Defendant

## XIV. COUNSEL'S ACKNOWLEDGMENT

I have discussed this case with my client in detail and have advised my client of all of my client's rights and all possible defenses. My client has conveyed to me [th]at my client understands this Agreement and consents to all its terms. I believe the [ple]a and disposition set forth herein are appropriate under the facts of this case and are [in ac]cord with my best judgment. I concur in the entry of the plea on the terms and

Defendant's Initials DI

conditions set forth herein.

6/20/2011
DATE

THOMAS J. SPINA, ESQ.
Defendant's Counsel

## XV. GOVERNMENT'S ACKNOWLEDGMENT

I have reviewed this matter and this Agreement and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

JOYCE WHITE VANCE
United States Attorney

6/20/2011
DATE

DAVIS BARLOW
Assistant United States Attorney